IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SCOTT HESS | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv161 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Scott Hess, an inmate confined at the Gib Lewis Unit of the Texas Department of Criminal Justice located in Woodville, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Discussion

Petitioner brings this petition for writ of habeas corpus attacking a conviction he received in the 197th Judicial District Court for Cameron County, Texas.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Lewis Unit in Woodville, Texas. However, petitioner was convicted and sentenced in Cameron County, Texas. Pursuant to 28 U.S.C § 124, Cameron County is in the Brownsville Division of the Southern District of Texas.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the conviction he challenges has no ties to the Eastern District of Texas. The court has considered the circumstances and has determined that the

interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted. *See Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (concluding that the division of conviction, where witnesses were located, was a more appropriate venue than the division of confinement in challenge to conviction).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of convictions which occurred in the Brownsville Division of the Southern District of Texas and all records and witnesses involving this action may be located in the Southern District, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Southern District of Texas, Brownsville Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED this the 3rd day of October, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE